UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSTANCE SEYMOURE,

      Plaintiff,

v.

      Case No. 1:11-cv-1340
      Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Supplemental Security Income (SSI).

Plaintiff was born on November 16, 1966 (AR 138).[1] She alleged a disability onset date of October 26, 2006 (AR 138). Plaintiff completed the 11th grade (AR 148). She had previous employment as a cashier, deli assistant, dough racker in a bakery, janitor, lunch aide in a public school, and fast food cook (AR 144, 159). Plaintiff identified her disabling conditions as chronic lung disease, hypertension, asthma and anxiety (AR 143). Plaintiff stated that these conditions limited her ability to work, causing memory problems and headaches (AR 143). The ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on December 2, 2009 (AR 32-39). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007), citing *Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits

is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. The ALJ initially found that plaintiff has not engaged in substantial gainful activity since her SSI application date of January 11, 2007 (AR 14). Second, the ALJ found that plaintiff had severe impairments of asthma, chronic obstructive pulmonary disease (COPD), depression, anxiety, cocaine abuse, hypertension, obesity, sleep apnea and osteoarthritic left knee (AR 34). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19). In this regard, the ALJ reviewed Listings 12.04 (affective disorders) and 12.06 (anxiety related disorders) (AR 35). The ALJ decided at the fourth step that:

> [C]laimant has the residual functional capacity to occasionally lift 20 pounds, frequently lift 10 pounds, sit for up to six hours, stand or walk for approximately six hours in an eight hour day with normal breaks; avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, and gases. Work limited to simple, routine, and repetitive tasks in a work environment free of fast paced production requirements; involving only simple, work-related decisions; with few if any, work place changes. Is able to understand, carry out, and remember simple instructions; respond appropriately to supervisors, coworkers, and usual work situations; and deal with changes in a routine work setting on a sustained basis. Occasional interaction with the public and the coworkers.

(AR 35-36). The ALJ also found that plaintiff had no past relevant work (AR 38).

At the fifth step, the ALJ determined that plaintiff could perform a range of unskilled light work in the regional economy (AR 39). Representative occupations in the regional economy include: assembly, sorting, grading, fabrication, and packaging (40,000 light, unskilled jobs); and, general office clerk, filing clerk and photocopy clerk (45,000 light, unskilled jobs) (AR 39).

Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since January 11, 2007 the date the application for SSI was filed (AR 39).

### III. ANALYSIS

Plaintiff has raised one issue on appeal:

**The ALJ failed to give controlling weight to plaintiff's treating physician as required by SSR 96-2.**

Plaintiff, through counsel, has raised two threadbare arguments in a brief consisting of less than three pages. Plaintiff contends that she was not represented by counsel at the administrative hearing and, as a result, "she did not understand the line of questioning" from the ALJ and "stated that she had a greater functional capacity than what her treating physicians diagnosed her as having." Plaintiff's Brief at p. 2. Plaintiff also contends that her treating physician, Dr. Garrett, indicated that plaintiff's asthma and knee problems preclude her for working; that the ALJ replaced the treating physician's opinion with his own; and that the ALJ "did not respect the special deference that is given to treating physicians based on the physician-patient relationship." *Id.* at pp. 2-3. Plaintiff does not support her claims with citations to the administrative record. In this regard, plaintiff does not discuss how SSR 96-2 ("Giving controlling weight to treating source medical opinions") applies to this case.[2]

---

[2] SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Commissioner of Social Security*, 167 Fed.Appx. 496, 498 (6th Cir. 2006), quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 549 (6th Cir.2004) (citations omitted).

The minimal brief filed in this appeal does nothing more than present conclusory arguments unsupported by citations to the administrative record, which in this case consists of 585 pages, including a 24-page administrative hearing transcript (AR 44-68) and over 370 pages of medical records (AR 213-585). "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Ordinarily, the court would deem plaintiffs alleged errors as waived on appeal. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (a court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments). In this case, however, the general rule of waiver would deprive plaintiff of her day in court. Accordingly, the court will address the essential points of plaintiff's alleged errors.

        **A.**    **Plaintiff's *pro se* status at the administrative hearing**

Plaintiff contends that she did not understand the ALJ's questions posed at the administrative hearing because she was unrepresented by counsel. The ALJ has a "special duty" to develop the administrative record and ensure a fair hearing for claimants when three special circumstances exist: the claimant is without counsel; the claimant is not capable of presenting an effective case; and, the claimant is unfamiliar with hearing procedures. *See Wilson v. Commissioner of Social Security*, 280 Fed. Appx. 456, 459 (6th Cir. 2008), citing *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). When this special

duty exists, the ALJ must scrupulously and conscientiously explore all of the facts relevant to the claims of the unrepresented claimant. *Lashley*, 708 F.2d at 1051-52.

Here, the record does not appear to trigger the ALJ's special duty to develop the record. Plaintiff was advised of her right to counsel, in writing, on three occasions prior to her administrative hearing (AR 78-84, 91-92, 95-103). At the hearing, the ALJ advised plaintiff of her right to have an attorney (AR 47). Plaintiff understood her right, but advised the ALJ twice that she wanted to proceed without an attorney (AR 47). Under these circumstances, plaintiff was adequately informed of her right to legal representation. *See Johnson v. Commissioner of Social Security*, 97 Fed. Appx. 539, 542 (6th Cir. 2004) (Social Security claimant was adequately informed of his right to counsel when he received written notices of his right to representation prior to the administrative hearing, the ALJ advised the claimant of his right to counsel, and the claimant elected to proceed without legal representation). While plaintiff was without counsel and arguably unfamiliar with hearing procedures, the record does not reflect that she was incapable of presenting an effective case. The administrative record contains an extensive medical record in addition to function reports completed by plaintiff and a third party regarding her limitations (AR 130-37, 151-58, 184-94). Even assuming if plaintiff's situation triggered the ALJ's special duty, the record reflects that the ALJ discharged his duty by asking plaintiff numerous questions regarding her limitations and her ability to perform work related activities. Accordingly, plaintiff's claim of error, that the ALJ failed in his special duty to develop the record, will be denied.

   **B. Dr. Garrett's opinion**

Plaintiff contends that the ALJ improperly rejected Dr. Garrett's opinion, which was more restrictive than plaintiff's own testimony. Apparently, plaintiff is referring to a medical report

from Guy J. Garrett, D.O., dated August 24, 2009, which stated that plaintiff suffered from diagnoses including asthma, COPD, obesity, degenerative arthritis, chronic knee pain, memory problems and trouble concentrating (AR 582). Dr. Garrett stated: that these diagnoses would last plaintiff's lifetime; that plaintiff needed a cane; that plaintiff needed assistance in performing a number of activities (i.e., bathing, transferring, mobility, taking medications, meal preparation, shopping, laundry and housework); and that plaintiff cannot work at any job (AR 582).

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations"). If a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case," then

the agency will give the opinion controlling weight. 20 C.F.R. § 416.927(c)(2). An ALJ, however, is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994).

Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

As an initial matter, Dr. Garrett's extreme limitations are not consistent with plaintiff's testimony as given at the administrative hearing and as set forth in other evidence, such as the function reports. At the hearing, plaintiff testified that she weighed around 260 pounds and was 5'8" tall (AR 49). The ALJ summarized plaintiff's hearing testimony as follows:

> During the hearing, claimant testified that she is not working but is receiving food stamps, Medicaid, and aid. Her worst physical problem is asthma. She is unable to breath due to stress and smoke. She uses a nebulizer three times a week for 20 minutes and then she has to wait another 15 minutes to work. She does this in the morning and at night. She uses a continuous positive airway machine (CPAP). She did not quit smoking until December 2008. She takes medications for right knee problems and hypertension. She uses a cane for ambulation as prescribed by Dr. Garrett for her knee. She is able to stand "quite a while." She can only climb a few steps and then stops to rest.
>
> Claimant testified she forgets things but her daughter helps with that. She prefers to be by herself but goes to church. Otherwise she spends her day helping with children's homework and watching television. She showers, dresses, drives,

>     cooks, shops, washes dishes, and gets help with laundry. She smoked marijuana one
>     month prior to hearing and last used cocaine in 2006.

(AR 36). The ALJ's summary is supported by the hearing transcript (AR 54-63).

The ALJ also articulated good reasons for rejecting Dr. Garrett's August 24, 2009 opinion (identified as Exhibit 18F):

>     Regarding medical opinions in file, claimant's physicians did not place
>     specific restrictions on her activities until August 2009. Exhibit 18F is a medical
>     report from Dr. Garrett who indicated she could not work. I give little weight to an
>     opinion that is not supported by a medical record of moderate asthma, no
>     psychological treatment other than medical by her primary care physician, and
>     limited treatment of knees.

(AR 37).

Finally, the ALJ was not bound to adopt Dr. Garrett's opinion that plaintiff could not work at any job. Although Dr. Garrett was a treating physician, the ALJ was not bound by the doctor's conclusion that plaintiff was unable to work. *See* 20 C.F.R. § 416.927(d)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled"). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984). Accordingly, plaintiff's claim of error, that the ALJ improperly evaluated Dr. Garrett's opinion, will be denied.

### C. The RFC determination

Plaintiff contends that the ALJ replaced Dr. Garrett's medical opinions regarding her ability to work with the ALJ's own opinions. The court disagrees. "[T]he ALJ may not substitute

his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence." *Meece v. Barnhart*, 192 Fed. Appx. 456, 465 (6th Cir.2006). As one court explained:

> The Commissioner's determination must be based on testimony and medical evidence in the record. And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.

*Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996).

Here, before the ALJ evaluated Dr. Garrett's opinion, he addressed each of plaintiff's conditions in detail (AR 34-38). Then he relied upon the opinions expressed in a non-examining agency physician's opinion as the basis for plaintiff's physical RFC:

> In August 2007, State Agency physician, Delois Daniels reviewed the available evidence and determined that claimant's asthma, hypertension, obesity, and atypical chest pain limited her functioning to the full range of light exertion (Ex 7F). Dr. Daniels' opinion is given significant weight; however, this determination was made prior to findings of left knee osteoarthritis in June 2009 and the March 2009 spirometry test findings (Ex 15F, 14F). This evidence sufficiently justifies additional limitation of physical activity.
>
>       \*    \*    \*
>
> In summary, the established residual functional capacity is based on State agency opinions as they comport to the longitudinal record as well as claimant's supported testimony.

(AR 37-38). In her opinion, Dr. Daniels found that plaintiff: could occasionally lift 20 pounds; could frequently lift 10 pounds; could stand and/or walk about 6 hours in an 8-hour workday; could sit about 6 hours in an 8-hour workday; had unlimited ability to push and/or pull; had no postural limitations; had no manipulative limitations; had no visual limitations; had no communicative limitations; and had no environmental limitations (AR 327-30). In light of the post-2007 findings, the ALJ added environmental limitations (i.e., avoid concentrated exposure to pulmonary irritants

11

such as fumes, odors, dusts, and gases) and (AR 35). An ALJ may rely on the opinions of the state agency physicians who reviewed plaintiff's file. *See* 20 C.F.R. § 416.927(e)(2)(i) (state agency medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation"); *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (when treating physicians and consulting physicians provide conflicting opinions, an ALJ may decide to accept the consulting physician's assessment, as long as that opinion is supported by substantial evidence). Accordingly, plaintiff's claim of error, that the ALJ replaced Dr. Garrett's opinion with his own independent medical opinion, will be denied.

### IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be affirmed pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will enter.


Dated: March 19, 2013                     /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge